Judge Owseev
delivered the Opinion of the Court.
This writ of error is prosecuted to reverse a decree, pronounced by,the court below, giving to Embry, who was complainant, relief against a judgment recovesmd against him at law by Hawkins.
It is unnecessary to inquire what should Stave been the decree, of the court, if the facts alleged in the bill of Embry bad been made out by sufficient evidence to authorize the interposition of a court of equity, in as much as the allegations of the bill are flatly denied by the answer of Hawkins, and there is but one witness whose evidence conduces to prove any thing inconsistent with the answer, though there are others whose testimony corroborates the statements of the answer.
Under such a state of evidence, it would be incompatible with the established principles by which courts of equity are governed, to decree relief. No *226 rule of chancery practice is better settled, and none more frequently acted upon than that which forbids a decree in favor of the complainant upon a bill supported by a single witness only, and flatly denied bv the answer of the defendant.
Query — May complainant’,' answer to interrogatories put to iiim by defendant, in his answer in the nature of a cross bill, bo taken for ihe snpplotory or corroborating evidence with plaintiff’s single witness.
Turner for plaintiff j Caperton for defendant.
Aware of this’rule the counsel of Embry endeavoured, in argument, to evade its force by drawing in aid of the witness, statements made by Embry in his response to an answer filed in this case by Hawkins, and which, in the nature of across bill, Embry was required to answer. But were the statements of Embry, so far as they are responsive to the allegations which he was called upon by Hawkins to answer, admitted to be true, still we should entertain the opinion that relief ought not to be decreed. The material facts, upon which alone the court could be authorized to intex’pose its aid, would still rest upon the evidence of a single witness, and not even sufficiently corroborated, by the responsivo statements of Embry himself, to do away the force of Hawkins’ denial in his answer under the rule in chancery to which we have adverted.
The decree must, therefore, be reversed with cost, the cause remanded to the court below, and a decree there entered dismissing Embry’s bill with cost &c.